for the relinquishment of their § 57h rights, it is equitable and fair to measure the Class 4 Creditors' collateral in these Chapter X proceedings in accordance with *going concern* value of Bankers and Northern based upon a capitalization of future earnings. *See,* Reconstruction Finance Corp. v. Denver & R.G.W.R. Co., 328 U.S. 495, 517, 66 S.Ct. 1282, 1384, 90 L.Ed. 1400 (1946); In Re Dutch Woodcraft Shops, 14 F. Supp. 467 (W.D.Mich.1935); Meinhard, Greeff & Co. v. Edens, 189 F.2d 792 (4th Cir. 1951); T. Finletter, The Law of Bankruptcy Reorganization 581–82 (1939); 87 Harv.L.Rev. 1786, 1793–95 (1974). Since the values determined by the experts in this case are predicated on the capitalization of future earnings of going concerns, they are admissible for purposes of valuation under § 197.

In light of the foregoing, the motions to strike are denied.



In re UNITED GAS PIPE LINE COMPANY LITIGATION.

No. 190.

Judicial Panel on Multidistrict Litigation.

Feb. 26, 1975.

Motion was filed by natural gas pipeline corporation and its former parent corporation for transfer to either the Eastern or Western Districts of Louisiana of five actions by pipeline corporation's industrial customers for breach of contract. The Judicial Panel on Multidistrict Litigation held that the motion would be denied where the defendants had not yet filed answers and the complaints established that the various allegations of breach of contract gave rise to factual issues predominantly unique to each particular plaintiff's relationship with the pipeline corporation.

Motion denied without prejudice.

Wisdom, Judge of the Panel, recused himself and took no part in either the consideration or the decision of the matter.

Courts ⟨≡⟩277.2

Motion by pipeline corporation and its former parent corporation to transfer five actions for breach of contract brought against them by industrial customers of the pipeline to either the Eastern or Western Districts of Louisiana was denied where the pipeline and its parent had not yet filed answers and the complaints indicated that the various allegations of breach of contract gave rise to factual issues predominantly unique to each particular plaintiff's relationship to the pipeline. 28 U.S.C.A. § 1407.

OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM\*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III\*\*, and STANLEY A. WEIGEL\*\*, Judges of the Panel.

PER CURIAM.

This litigation presently consists of five actions that have been commenced in three districts: two in the District of the District of Columbia; two in the Southern District of Mississippi;[1] and

---

\* Judge Wisdom recused himself and took no part in either the consideration or decision of this matter.

\*\* Although Judges Lord and Weigel were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

[1]. One of the Mississippi actions was filed only eight days days before the Panel hearing and, therefore, under the customary procedures of the Panel, was filed too late to be included in the hearing. All parties to that action, however, agreed to be bound by this decision.

one in the Western District of Louisiana.[2] The plaintiffs in these actions are industrial customers of United Gas Pipe Line Co., an interstate gas pipeline corporation that is regulated by the Federal Power Commission (FPC). Plaintiffs charge defendant United with breach of contract in connection with United's curtailment of natural gas deliveries to them. Pennzoil Co., United's former parent corporation, is also named as a defendant in some of the actions and is accused of directing and approving the allegedly illegal curtailment program. In addition, it is alleged that Pennzoil and United conspired to create a fuel shortage.

Defendants United and Pennzoil jointly move the Panel for an order transferring these actions to either the Eastern or Western Districts of Louisiana. All plaintiffs oppose transfer. We find that the record before us in this litigation is insufficient to establish the common questions of fact required by 28 U.S.C. § 1407 and, accordingly, we deny the motion without prejudice to the right of any party to move for transfer at a later time if it feels future developments so warrant.

I. *Background*

Since November of 1970, United has curtailed deliveries of natural gas to its industrial customers in five Southern states that it serves on a regular basis. This cutback was effectuated by United pursuant to an "order of priorities" for fuel allocation, which was established by tariffs and direct sale contracts with its purchasers.

Shortly after the initiation of the curtailment program, United petitioned the FPC for a declaratory order approving the program. The FPC gave its approval and, in addition, held that a pipeline's adherence to an FPC ordered curtailment program would be an absolute defense to all actions for damages. FPC Opinion No. 606, 46 F.P.C. 786 (1971); FPC Opinion No. 606-A, 46 F.P.C. 1290 (1971).

On appeal, the United States Court of Appeals for the Fifth Circuit characterized the FPC's "absolute defense" theory as mere dicta and held that the validity of a defense based on an FPC approved priority plan was a question for judicial, not administrative, determination. The court remanded the proceedings to the FPC for further consideration. *International Paper Company v. Federal Power Commission*, 476 F.2d 121 (5th Cir. 1973).

The FPC, following remand, once again made findings almost identical to those it had reached in its initial opinions in the matter. FPC Opinion No. 647, 49 F.P.C. 179 (1973); FPC Opinion No. 647-A, 49 F.P.C. 1211 (1973). Another appeal was thereafter taken and the Court of Appeals for the Fifth Circuit, *inter alia*, reiterated its earlier holding in *International Paper* that the liability insulation issue was not properly before the FPC in these proceedings. *State of Louisiana v. Federal Power Commission*, 503 F.2d 844 (5th Cir. 1974). During the Panel hearing, United informed the Panel that it intends to seek a rehearing of this latest ruling of the Court of Appeals.[3]

Defendants have obtained stays of all actions in this litigation pending final judicial review of the FPC proceedings. These stays have been in effect throughout the course of the legal skirmishes before the FPC and the Court of Appeals. Thus, defendants have not filed answers in any of the actions.

II. *The Question of Transfer*

Defendants contend that these actions involve many common questions of fact

---

2. Three related actions had been pending in the Eastern District of Louisiana but, prior to the Panel hearing, were remanded to Louisiana state court pursuant to 28 U.S.C. § 1447(c).

3. Since the Panel hearing, it appears that United did indeed file a petition for a rehearing before the Court of Appeals for the Fifth Circuit and that that petition has been denied. *State of Louisiana v. Federal Power Commission*, 505 F.2d 1304 (5th Cir., 1974).

relating to the following issues: whether United acted consistently with the "impairment of deliveries" clauses in its contracts with each of the plaintiffs; whether plaintiffs acted reasonably in response to the curtailments; whether the shortages of natural gas were either intentionally or negligently created by defendants; and whether plaintiffs suffered any damages as a result of these curtailments.

We believe, however, that these actions presently involve few, if any, common questions of fact. Our decision is necessarily influenced by the pleadings in these actions and since defendants have not yet filed answers, we are forced to focus primarily on the complaints. Our review of these complaints leads us to the conclusion that the various allegations of breach of contract give rise to factual issues predominantly unique to each particular plaintiff's relationship with defendant United. In addition, we note that defendants have had ample opportunity over the course of this litigation to file answers in all but one of the actions now before us. Thus, we find that under the circumstances of this particular litigation, transfer at this time is unwarranted.

We recognize the possibility that at some future time transfer of these actions for coordinated or consolidated pretrial proceedings may be beneficial. Nonetheless, until we are persuaded that the statutory criteria of Section 1407 are satisfied, transfer is inappropriate. Our denial of transfer, therefore, is without prejudice to any party's right to seek Section 1407 treatment if it feels future circumstances so require.

It is therefore ordered that the motion to transfer the actions listed on the attached Schedule A be, and the same hereby is, denied without prejudice to the right of any party to move for transfer at a later date.

## SCHEDULE A

### District of the District of Columbia

| | |
|---|---|
| Monsanto Co. v. United Gas Pipe Line Co. | Civil Action No. 2037-71 |
| Texas Gulf, Inc. v. United Gas Pipe Line Co. | Civil Action No. 2253-71 |

### Western District of Louisiana

| | |
|---|---|
| Olinkraft, Inc. v. United Gas Pipe Line Co. & Pennzoil Co. | Civil Action No. 18243 |

### Southern District of Mississippi

| | |
|---|---|
| Mississippi Power & Light Co. v. United Gas Pipe Line Co. & Pennzoil Co. | Civil Action No. J74-185(C) |
| Mississippi Power Company v. United Gas Pipe Line Company & Pennzoil Co. | Civil Action No. S74-258(N) |